# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 Cr 47 | **DATE** | October 23, 2000 |
| **CASE TITLE** | U S A    v    MICHAEL J. GOCHIS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Memorandum Opinion and Order entered. Accordingly, this Court vacates the non-final judgment entered by the magistrate judge and orders a new trial of defendant.**

(11) ☐ For further detail see order attached to the original minute order.

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | number of notices | | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 2 4 2000 | | |
| | Docketing to mail notices. | date docketed | | 172 |
| | Mail AO 450 form. | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 OCT 24 PM 2: 02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff-Appellee, | ) |
| | ) No.    98 CR 47 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| MICHAEL J. GOCHIS, | ) |
| | ) |
| Defendant-Appellant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant, Michael Gochis, was charged, tried and convicted by a jury of three counts of
violating 29 U.S.C. §530, all Class A misdemeanors. This appeal was brought by defendant and
the government to challenge various decisions made by United States Magistrate Judge W.
Thomas Rosemond, Jr. ("the magistrate judge") before, during, and after defendant's trial
pursuant to 18 U.S.C. §3402, 18 U.S.C. §3742(g) and Fed. R. Crim. P. 58(g)(2)(B). On its own
motion, the court asked counsel to submit supplemental briefs addressing the following two areas
of concern:  1)  whether the magistrate judge had the authority to oversee the trial of three
misdemeanor counts that, under the Sentencing Guidelines, required the imposition of three one-
year consecutive sentences; and 2) whether defendant consented to trial, judgment, and
sentencing by the magistrate judge. Because the court finds that defendant's consent was not
properly obtained by the magistrate judge, he lacked authority to preside over defendant's trial.
Consequently, the judgment entered by the magistrate judge was not final and this court is
prohibited from deciding the substantive issues raised by the parties in this appeal.

## BACKGROUND

The United States Constitution created the Supreme Court and granted Congress the power to "ordain and establish" such lower federal courts as it may see fit. U.S. Const. art. III §1. The Constitution's grant of power to Congress to create lower courts permits Congress to define the jurisdiction of those courts. Keene Corp. v. United States, 508 U.S. 200, 207 (1993); Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 57-60 (1982). In passing the Federal Magistrates Act of 1968 ("the Act"), Congress abolished the then existing system of United States commissioners and replaced it with our current federal magistrate system. The Act and its subsequent amendments expanded the authority of magistrate judges to include the trial of minor criminal and civil offenses with certain conditions. This grant of authority to magistrate judges was not without controversy.

As the Seventh Circuit has explained:

> . . . there was an abiding concern by interested witnesses . . . and by senators and representatives that expanding the [authority] of . . . magistrate[ judge]s might violate the dual constitutional concepts (1) that Article III of the Constitution vests the judicial power of the United States in judges possessing life tenure and undiminishable salaries and (2) that due process of law encompasses the right of litigants to have 'cases' or 'controversies' determined by Article III judges.

TPO, Inc. v. McMillen, 460 F.2d 348, 352-53 (7th Cir. 1972) (footnotes and citations omitted). The constitutionality of the Act was subsequently defended on three grounds: (1) that when a magistrate has authority to take action in a case pursuant to the Act, the jurisdiction, direction and control of the case remain with the district court at all times; (2) both the government and the defendant must consent to trial before the magistrate judge; and (3) the defendant, if convicted, may appeal to the district court. See Id. at 353 (citing Senate Hearings 246 at 256).

2

These grounds for defending the Act are reflected in the language of 28 U.S.C. §636 and 18 U.S.C. §3401. 28 U.S.C. §636(a)(3) and §636(a)(6) give magistrate judges "the power to conduct trials under [18 U.S.C. §3401] in conformity with and subject to the limitations of that section" and "the power to enter a sentence . . . in a case in which the parties have consented." 18 U.S.C. §3401, in turn, grants magistrate judges authority to try misdemeanor cases and sets forth strict requirements that magistrate judges must follow to obtain defendants' consent. §3401(a) states that, "[w]hen specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate [judge] shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district." In turn, 18 U.S.C. §3401(b) states:

> Any person charged with a misdemeanor . . . may elect . . . to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

This strict requirement is enhanced by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 5(b) states that, "If the charge against the defendant is a misdemeanor or other petty offense triable by a United States magistrate judge under 18 U.S.C. §3401, the magistrate judge

shall proceed in accordance with Rule 58."[1]  The relevant portion of Fed. R. Crim. P. 58(b)(2) states:

> At the defendant's initial appearance on a misdemeanor . . . charge, the court shall inform the defendant of:  (A) the charge, and the maximum possible penalties provided by law, including payment of a special assessment 18 U.S.C. §3013, and restitution under 18 U.S.C. §3663; (B) the right to retain counsel; (C) the right to request the appointment of counsel if the defendant is unable to obtain counsel . . . ; (C) the right to remain silent and that any statement made by the defendant may be used against the defendant; (D) the right to trial, judgment, and sentencing before a district judge unless: . . . the defendant consents to trial, judgment, and sentencing before a magistrate judge; (F) the right to trial by jury before either a United States magistrate judge or a district judge . . . ; and (G) the right to a preliminary examination in accordance with 18 U.S.C. §3060, and the general circumstances under which the defendant may secure pretrial release, if the defendant is held in custody and charged with a misdemeanor other than a petty offense."

In addition, the relevant portion of Fed. R. Crim. P. 58(b)(3)(A) states that "a magistrate [judge] may take the plea only if the defendant consents either in writing or orally on the record to be tried before the magistrate judge and specifically waives trial before a district judge."

Although the Supreme Court and the Seventh Circuit have not had occasion to directly address the issue presented in the instant case, both courts have addressed 28 U.S.C. §636(b), which authorizes district courts to refer specific duties to magistrate judges as well as "additional duties which are not inconsistent with the Constitution and the laws of the United States," and §636(c), which authorizes district courts to refer entire civil trials to magistrate judges "upon consent of the parties" and "when specially designated to exercise such jurisdiction by the district court."  In Gomez v. United States, 490 U.S. 858, 870-71 (1989), the Supreme Court, in an

---

[1] The Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates were abrogated effective December 1, 1990 with this codification:  "See rule 58 of the Federal Rules of Criminal Procedure."  Thus, any reference to the former rules in cases cited by the court is substituted with a reference to Fed. R. Crim. P. 58.

unanimous decision, termed consent a "critical limitation" on magistrate judges' authority under the Act and held that magistrate judges may not conduct jury selection in a felony trial without the defendant's consent. 490 U.S. at 870. Two years later, in <u>Peretz v. United States</u>, 501 U.S. 923 (1991), the Court upheld jury selection in a felony case conducted by a magistrate judge where the defendant consented. In reaching this decision, the Court noted that, "[t]he legislative history of the statute . . . emphasizes the crucial nature of the presence or absence of the litigants' consent. <u>Peretz</u>, 501 U.S. at 932 n. 8 (citing H. R. Rep. No. 96-287, p. 20 (1979) ("Because of the consent requirement, magistrates will be used only as the bench, bar, and litigants desire, only in cases where they are felt by all participants to be competent.")).[2]

Likewise, the Seventh Circuit has held that the consent of the parties under §636(c) must be explicit, voluntary, clear and unambiguous, and it cannot be inferred from the conduct of the parties. <u>Jaliwala v. United States</u>, 945 F.2d 221, 224 (7th Cir. 1991). This "strict view of the prerequisites for trial before a magistrate judge" under §636 is necessary because "the parties are giving up their constitutional right to trial before an Article III judge with life tenure and salary protection." <u>Rice v. Sunrise Express, Inc.</u>, 209 F.3d 1008, 1013-14 n.7 (7th Cir. 2000). In <u>Geras v. Lafayette Display Fixtures, Inc.</u>, 742 F.2d 1037, 1042 (7th Cir. 1984), the court stated, "[w]e do not believe that reference of civil matters to magistrates can be sustained against

---

[2] Even the dissenters in <u>Peretz</u> emphasized the importance of consent. "Under the Act, consent of the parties is a necessary condition of a magistrate[ judge's] statutory authority to preside at a civil or misdemeanor trial." <u>Id</u>. at 943 (Justice Marshall, with whom Justice White and Blackmun join, dissenting). "[B]efore a magistrate [judge] can conduct a misdemeanor trial, the magistrate [judge] must explain to the defendant that he has a right to a trial before a district court judge. If the defendant elects to proceed before the magistrate [judge], the defendant must consent in writing." <u>Id</u>. at 947 n. 6 (same opinion).

constitutional challenge unless an alternative of trial before an Article III judge is maintained for all litigants as a realistic and viable alternative." See also Olympia Hotels Corp. v. Johnson Wax Dev. Corp., 908 F.2d 1363, 1368-69 (7th Cir. 1990) (stating that parties "cannot be forced to try a dispute that is subject to federal jurisdiction only by virtue of Article III before a judge who is not authorized to exercise the power conferred by that article"). Put another way, "consent is the linchpin of the constitutionality of 28 U.S.C. §636(c)." Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir. 1987) (citing Adams v. Heckler, 794 F.2d 303, 307 (7th Cir. 1986)); see also Williams v. GE Capital Auto Lease, 159 F.3d 266, 268 (7th Cir. 1998); Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir. 1985).

The court finds these same standards for the narrow interpretation of consent applicable to 18 U.S.C. §3401(b). As, the Seventh Circuit has noted, when Congress gave magistrate judges authority to oversee criminal misdemeanor trials, it did so by "painstakingly" providing for the consent of the defendant and for an appeal to the district court. TPO, Inc., 460 F.2d at 359. In addition, as with §636(c), criminal defendants charged with misdemeanor offenses under §3401 are also waiving their constitutional right to trial before an Article III judge with life tenure and salary protection. See Rice, 209 F.3d at 1013-14 n.7. This comparison is also prudent given that the consent requirement under 28 U.S.C. §636(c) is not as strict as that of 18 U.S.C. §3401(b). Compare 29 U.S.C. §636(c) (conditioning magistrate judges' authority to preside over civil trials "upon consent of the parties") and 18 U.S.C. §3401(b) (conditioning magistrate judges' authority to preside over criminal misdemeanor trials upon the magistrate judges' careful explanation to defendants of their right to trial, judgment, and sentencing and the

defendants' waiver of that right in writing or orally on the record). Thus, as with 28 U.S.C. §636(c), consent is the linchpin of the constitutionality of 18 U.S.C. §3401.

It is with all of these factors in mind, as well as with the knowledge that in criminal cases procedural protections must be guarded most closely, United States v. Raddatz, 592 F.2d 976, 983 n.5 (7th Cir. Ill. 1979) rev'd on other grounds, 447 U.S. 667 (1980), that the court examines the facts in the instant case.

### FACTS[3]

Once defendant was charged with a three count misdemeanor information for his alleged violations of federal criminal law, his case was randomly assigned to Magistrate Judge Rosemond pursuant to the Local General Rules in effect at the time.[4] On January 29, 1998, defendant made his initial appearance before the magistrate judge without counsel. That hearing began with a colloquy between the magistrate judge and defendant regarding defendant's lack of counsel and then proceeded into an arraignment. Counsel for the government read the charges against defendant, who acknowledged that he understood those charges. The magistrate judge, however, failed to inform defendant of his rights as required by Fed. R. Crim. P. 58(b)(2) or "carefully explain" to defendant his right to trial, judgment, and sentencing as required by 18 U.S.C. §3401(b). The magistrate judge also failed to obtain defendant's consent prior to accepting his not guilty plea, as required by Fed. R. Crim. P. 58(b)(3)(A). Following defendant's arraignment, the subject of the hearing was limited to the amount of defendant's bond.

---

[3] For the sake of economy, some facts will be discussed in greater detail below.

[4] Local General Rule 2.40(B) (now Local Criminal Rule 50.3(a)).

On February 12, 1998, defendant again appeared before the magistrate judge, this time with a lawyer.[5] At that hearing, defendant's counsel expressed uncertainty as to whether his client had been arraigned. The magistrate judge responded, "Well, he was without counsel, but we can do it again if you would like," and defendant's counsel said, "Please." So, government counsel again listed the charges against defendant; the magistrate judge again failed to inform defendant of his rights as required by Fed. R. Crim. P. 58(b)(2) and 18 U.S.C. §3401(b); defendant again plead not guilty; defendant's plea was again accepted by the magistrate judge in violation of Fed. R. Crim. P. 58(b)(3)(A); and once again defendant's bond amount was discussed.[6]

Following this hearing, defendant and his counsel signed and filed a form titled, "Consent To Proceed Before United States Magistrate In a Misdemeanor Case" (the "consent form").[7] The consent form states:

> The United States magistrate [judge] has explained to me the nature of the offense(s) with which I am charged and the maximum possible penalties which might be imposed if I am found guilty. The magistrate [judge] has informed me of my right to the assistance of legal counsel. The magistrate [judge] has also informed me of my right to trial, judgment, and sentencing before a United States district judge or a United States magistrate [judge].

---

[5] Government counsel has submitted to the court a sworn affidavit stating that, just prior to this hearing, defendant's counsel indicated to the government that defendant intended to waive his right to a trial before a district judge but not his right to trial by jury.

[6] The docket shows two arraignments being held; one on January 29, 1998, and the other on February 12, 1998. Both times the magistrate judge's entry in the docket shows defendant's plea was entered.

[7] The record does not indicate the timing of the signing and filing of this form. In his sworn affidavit, however, government counsel states: "Immediately after the court proceedings on February 12, 1998, defendant and [his attorney] signed the [consent form] . . . and filed it with [the magistrate judge's] minute clerk."

I HEREBY: Waive (give up) my right to trial, judgment and sentencing before a United States district judge and I consent to trial, judgment, and sentencing before a United States magistrate [judge].

## DISCUSSION

The court begins by finding that because the magistrate judge failed to comply with Fed. R. Crim. P. 58 and with 18 U.S.C. §3401(b), he did not obtain defendant's consent prior to proceeding to trial. Next, the court holds that, because defendant did not consent to trial before the magistrate judge, he was not authorized[8] to enter final judgment in the instant case and defendant is entitled to a new trial. Finally, the court addresses and rejects the government's arguments against reaching these conclusions.

## I. Because the magistrate judge did not comply with Fed. R. Crim. P. 58 or with 18 U.S.C. §3401(b), he did not obtain defendant's consent prior to trial.

First, as demonstrated by the facts, the magistrate judge failed inform the defendant of his rights at his initial appearance as required by Fed. R. Crim. P. 58(b)(2). The magistrate judge did not inform the defendant of: (1) the charges against him; (2) the maximum possible penalties he faced for the crimes charged, including the possibility that he would have to pay a special

---

[8] This use of the word "authority" is purposeful. The court recognizes that the magistrate judge's lack of authority is not the same as a lack of subject matter jurisdiction to hear the instant case within the district court. See United States v. Wey, 895 F.2d at 431 (7th Cir. 1990) (explaining that the Supreme Court meant "authority" when it used the term "jurisdiction" in Gomez since "litigants' consent cannot alter the court's jurisdiction" and hypothesizing that "it may be that the defendant's consent could authorize the [district] judge to designate a magistrate, under 28 U.S.C. §636(b)(3), to preside over jury selection"); Peretz, 501 U.S. at 953 (Scalia, J., dissenting) (agreeing with the reasoning in Wey and stating that, "the fact that the court may have improperly delegated to the magistrate judge a function it should have performed personally goes to the lawfulness of the manner in which it acted, but not its jurisdiction to act"). Thus, the court interprets any references to magistrate judges' "jurisdiction" quoted herein as references to magistrate judges' authority. While such authority is treated like jurisdiction in the sense that without it the magistrate judge cannot enter final judgments, it is not meant herein to refer to the district court's subject matter jurisdiction. See section III(B) for further discussion of this issue.

9

assessment and restitution; (3) his right to retain counsel or request counsel if he were unable to obtain counsel; (4) his right to remain silent; (5) his right to a trial, judgment, and sentencing before a district judge; (6) his right to trial by jury before either a magistrate or district judge; or (7) his right to a preliminary examination. See Fed. R. Crim. P. 58(b)(2).

The government argues that the statements made by its counsel during defendant's initial appearance on January 29, 1998, coupled with the magistrate judge's admonishment to defendant at that hearing that "this is no insignificant matter," cured the magistrate judge's failure to fulfill the requirements of the rule.[9] The prosecutor's statements, of course, cannot substitute for the colloquy between the magistrate judge and defendant required by Fed. R. Crim. P. 58(b)(2). Also, although the magistrate judge discussed with defendant the importance of obtaining counsel and told defendant that the charges against him were "not insignificant," it is nonetheless evident that the magistrate judge did not inform defendant of the maximum possible punishment he was facing, his right to remain silent, his right to trial, judgment, and sentencing before a district judge, his right to a jury trial before either a magistrate or district judge, or his right to a preliminary examination. Thus, the magistrate judge failed to comply with Fed. R. Crim. P. 58(b)(2).

This failure on the part of the magistrate judge was not cured during the February 12 hearing. That hearing was, in effect, a repeat of the first. Although government counsel read the

---

[9] While recommending a $20,000 bond, counsel for the government stated, ". . . plus the fact that he is facing a potential one year in prison on each of these charges plus a significant fine and restitution to the victim." Later, after setting bond at $100,000, the magistrate judge told the defendant, ". . . this is no insignificant matter. I am trying to impress upon you the severity of the matter and I am trying to impress upon you not to do anything stupid."

charges against defendant and referred to the possible sentence defendant was facing,[10] the

magistrate judge again failed to inform defendant of the maximum punishment he was facing,[11]

---

[10] In arguing why the bond should be upheld, Government counsel concluded that, ". . . all of these things cause me, as a representative of the government, to have great concern about what [defendant] is going to do now that he is charged in this case and looking at a potential sentence of – if he were convicted on all three counts [–] of possibly three years in prison."

[11] An examination of the record sheds doubt upon whether the magistrate or the prosecutor ever actually understood the minimum punishment defendant faced prior to trial. The following colloquy occurred during a discovery hearing on November 30, 1998:

| | |
|---|---|
| THE COURT: | . . . refresh my recollection as to what the maximum penalties are in this case again. |
| GOVERNMENT: | Your Honor, basically the maximum penalties are misdemeanors and they would be up to a year in prison – |
| THE COURT: | But they can't be consecutive; they have to be concurrent? |
| GOVERNMENT: | Well, I don't – that is a question. In terms of sentencing, under the sentencing guidelines if [defendant] were, in fact, convicted on more than one count there is a substantial indication that he would receive consecutive time, because under the extortion guideline you can't, you can't group conduct that poses separate instances of harm to individuals, so that where there's a separate and discrete instance of harm, in each particular instance that – they do not get grouped, and that's under the guideline. So, I guess what I'm saying is that that would certainly be something that you would be asked to consider and rule upon at the time of sentencing, but as it stands right now the maximum sentence would be up t[o] a year in jail on each count. |
| THE COURT: | All right. And – |
| MR. CHIGANOS: | Our position would be, of course, to the contrary. |
| THE COURT: | Yes, because – right. Well, that probably should be – you haven't submitted a trial brief about that, but we will have to see about that later. I mean that – I mean [defendant's] counsel. We haven't seen anything on that but, anyway, the other thing that is troublesome is this custody has to be custody in prison or can it be custody like they have sometimes in other cases, where it could be Salvation Army? |
| GOVERNMENT: | I think that's a very good question, and I think it's something that might be worth, while we have time prior to |

his right to remain silent, his right to trial, judgment, and sentencing before a district judge, his

right to a jury trial before either a magistrate or district judge, and his right to a preliminary

examination. In fact, the transcript from February 12, 1998, shows that the magistrate judge was

confused about what was happening in the instant case.[12] Thus, even if the court were to

consider the January 29 and February 12 hearings together as defendant's "initial appearance"

(which of course they are not), the magistrate judge failed to fulfil the requirements of Fed. R.

Crim. P. 58(b)(2).

In addition, the magistrate judge did not comply with Fed. R. Crim. P. 58(b)(3)(A), which

prohibits the magistrate judge from accepting a plea <u>before</u> he has obtained defendant's consent

pursuant to 18 U.S.C. §3401 and Fed. R. Crim. P. 58(b)(2). The magistrate judge arraigned

---

trial, counsel for [defendant] and I exploring together.

[12] The relevant portions of that discussion proceeded as follows:

| THE COURT: | This is my case? |
|---|---|
| GOVERNMENT: | Yes, this is your case – |
| [THE COURT:] | All right then. |
| GOVERNMENT: | –Your Honor. It is assigned to you as the judge in the case. |
| THE COURT: | All right then. Well, we can, we can . . . Do we have an order with the schedule? |
| THE CLERK: | (Inaudible.) |

. . .

| THE COURT: | This is not a felony. This is a felony? |
|---|---|
| GOVERNMENT: | No. |
| THE COURT: | No, it is not a felony. |
| GOVERNMENT: | Your Honor, this – |
| THE COURT: | It is a misdemeanor. |
| GOVERNMENT: | These are misdemeanors. There are three. |
| THE COURT: | Right. |
| GOVERNMENT: | – misdemeanor charges. |
| THE COURT: | Okay, that is fine. We can handle it. We do not have a particular schedule. So, if you want to agree upon one that works for you, and then we will enter it. |

defendant and accepted his plea during both the January 29 and February 12 hearings without any discussion, let alone waiver, of defendant's right to be tried before an Article III judge. Even if the court were to find that the consent form filed by defendant in the instant case constituted a valid waiver of his right to trial, judgment and sentencing before a district judge,[13] by the government's own admission defendant did not file that form until <u>after</u> he was arraigned on February 12 (which was well after his initial appearance and arraignment on January 29, 1998). Thus, the magistrate judge accepted defendant's plea in violation of Fed. R. Crim. P. 58(b)(3)(A) on two separate occasions.

Next, the court finds that the magistrate judge failed to fulfill the requirements set forth in 18 U.S.C. §3401(b). The record indicates that the magistrate judge did not raise the issue of consent with defendant during any of his court appearances. §3401(b) requires a magistrate judge to "carefully explain" to defendant his right to trial, judgment and sentencing by a district judge. Additionally, §3401(b) explicitly forbids the magistrate judge from proceeding "unless the defendant, after such explanation, expressly consents to trial before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge" in writing or orally on the record. 18 U.S.C. §3401(b). By including the words "after such explanation," Congress mandated not only the signing of a consent form, but also the colloquy between magistrate judges and the defendants charged with criminal misdemeanors who are brought before them for trial. This is confirmed by the legislative history.[14] Accordingly, courts

---

[13] <u>See</u> below for an in-depth discussion of this issue.

[14] During the House debates regarding the Act, Mr. Poff, a proponent of the bill, pointed out that:

addressing this issue have held that "literal compliance" with the requirements of 18 U.S.C. §3401 and Fed. R. Crim. P. 58 is required to validate a waiver by a defendant of his constitutional rights contained in that statute and rule. See United States v. Miller, 468 F.2d 1041, 1044 (4th Cir. 1972); United States v. Lane, 1987 U.S. Dist. LEXIS 8025 at *11; see also United States v. Marcyes, 557 F.2d 1361 (9th Cir. 1977) (holding that "a magistrate [judge] must fully comply with §3401(b) by specifically advising a defendant that he has a right to a trial before a [district court judge]"); cf. United States v. Wright, 516 F. Supp. 1113, 1119 (E.D. Pa. 1981) (directing that the issue is not whether the proof of waiver is "constitutionally adequate," but rather whether "the unambiguous mandate of a jurisdiction-conferring statute was complied with" and reversing judgment of conviction because the consent form defendant signed did not comply with §3401(b)). In Miller, the Fourth Circuit held that a signed consent form, absent the careful explanation mandated by Congress, is insufficient to qualify as a waiver. 468 F.2d at 1044. The court stated that, "[t]he Act . . . requires both an explanation and a written consent. By its terms, the consent is not to be signed until after the defendant has heard the magistrate[ judge's] explanation . . . ." Id. Thus, the Miller court held that, although defendant

---

The magistrate [judge] will be required to give every defendant brought before him a careful explanation of his right to elect trial before a judge of the district court and of his right, in appropriate cases, to demand trial by jury before that judge. [The Act] specifically forbids the magistrate [judge] to proceed to trial unless the defendant, having heard the magistrate[ judge's] explanation, executes a written election to be tried before the magistrate [judge] and a written waiver of whatever jury rights he has.

114 Cong. Rec. 27, 341 (1968).

14

had signed a consent form, its execution "did not operate to waive a right that was never explained or understood." Id.[15]

The court, applying the holdings of Miller, Lane, Marcyes and Wright, holds that before a magistrate judge may embark upon the trial of a person charged under 18 U.S.C. §3401, he must strictly comply with that statute and with Fed. R. Crim. P. 58 by explaining to the defendant his rights. "Only after this is done may the magistrate accept the defendant's consent to be tried." Miller, 468 F.2d at 1045.[16] Because the magistrate judge failed to perform these tasks in the instant case, the court finds that he did not obtain defendant's consent to trial, judgment, and sentencing.

In reaching this finding, the court rejects the government's arguments that the conversation between defendant's counsel and government counsel prior to the February 12 hearing and the wording on the consent form itself were togther sufficient to satisfy §3401(b). First, although the court has no reason to doubt that government counsel was informed by

---

[15] The government argues that Miller and Marcyes can be distinguished on their facts because the constitutional right at issue in those cases was the defendants' right to a jury trial. True, but the government cites no precedent stating that the right to a jury trial is more important than the right to trial, judgment, and sentencing before an Article III judge. Moreover, the magistrate judges in both Miller and Marcyes did conduct a colloquy with the defendants regarding their rights–those discussions were simply found to be insufficient. In the case at bar, the magistrate judge completely failed to inform defendant of his rights.

[16] The Miller court's reliance on McCarthy v. United States, 394 U.S. 459 (1969), was well-placed. In McCarthy, the Supreme Court held that district judges must personally inquire whether defendants' pleas are voluntary at the time that they are made pursuant to Fed. R. Crim. P. 11. Id. In so holding, the Court declined to allow for evidentiary hearings after the fact to determine whether a given defendant's plea was voluntary. Id. at 468-71. Instead, the Court held: "There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charge against him." Id. at 470.

defendant's counsel prior to the start of the February 12 arraignment that defendant intended to waive his right to a trial before a district judge but not his right to a jury trial, this conversation does not replace the required colloquy between the magistrate judge and defendant. Literal compliance with §3401(b) and Fed. R. Crim. P. 58 requires instead that the magistrate judge--not counsel--"carefully explain" to defendant his constitutional right to have an Article III judge preside over his trial, judgment, and sentencing. The magistrate judge simply failed to fulfill that requirement in the instant case.

For the same reason, the court declines to find that the language printed on the consent form in the instant case was sufficient to inform defendant of his rights under §3401(b). The relevant portion of that consent form is three sentences long, and only one of those sentences addresses defendant's right to an Article III judge. Again, this is hardly the careful explanation Congress required, and it is far from literal compliance. Even worse, under the facts of this case, is the wording of the three sentences on the consent form, each of which begins with some variation of: "[t]he United States magistrate [judge] has explained to me . . . ." Because the consent form attests to an event that the parties agree never occurred, it is invalid on its face. The court does not take this issue lightly; use of this form is proper only when the required colloquy has occurred. When used otherwise, the form could easily mislead a reviewing court or counsel into wrongly believing that the colloquy did occur.

The government's reliance on <u>Adams</u> and <u>Lovelace</u> only emphasizes this potential for increased confusion by reviewing courts or counsel. In both of those cases the Seventh Circuit stated that a "signed consent form, on its face, can constitute the necessary consent" under 28 U.S.C. §636(c). <u>Adams</u>, 794 F.2d at 306; <u>Lovelace</u>, 820 F.2d at 226. While reliance on the

signed consent forms was undoubtedly justified in <u>Adams</u> and <u>Lovelace</u>, it would not be in the instant case. Neither <u>Adams</u> nor <u>Lovelace</u> involved problems with the content of the consent form used. Further, both of those cases dealt with the consent requirement of §636(c) which gives magistrates authority to preside over civil trials "upon consent of the parties." The consent requirement in the instant case, under §3401(b), requires more than that; it requires the magistrate to "carefully explain" to the defendant his right to trial, judgment, and sentencing by an Article III judge.

Moreover, even with the more relaxed consent requirement of §636(c), in both <u>Adams</u> and <u>Lovelace</u> the Seventh Circuit was compelled to comment that the circumstances surrounding the signing of the consent form were not ideal.[17] Thus, the government's reliance on <u>Lovelace</u> and <u>Adams</u> is misplaced because if this court were to find defendant's signature on the consent form sufficient despite the fact that it falsely confirms the occurrence of an event that did not occur, Congress's mandate that the magistrate judge "carefully explain" to defendant his right to an Article III judge would be without meaning.

---

[17]In <u>Adams</u>, the court dismissed the plaintiff's argument that it was intrinsically coercive for the magistrate judge to schedule a hearing and then, on the day of the hearing, expect the plaintiff to consent or not to consent to the magistrate judge's jurisdiction. The <u>Adams</u> court conceded, however, that, "ideally the parties should have executed the consent form prior to the day of the scheduled hearing . . . ." 794 F.2d at 306. Likewise, in <u>Lovelace</u>, the court held that although there was some confusion as to whether plaintiff understood his right to have his case presided over by a district judge, the magistrate judge cleared up that confusion when he engaged the defendant in an extended colloquy on the record. 820 F.2d at 226. The <u>Lovelace</u> court did add, however, that, "[w]e note for the future, though, that in similar situations it would be advisable to obtain a second signed consent, or an express statement on the record, so as to insure there can be no ambiguity."

Next, the government argues that defendant was perfectly content to try his case before the magistrate judge and, in fact, actually intended to consent to such when he signed the consent form. To support this argument, the government relies on United States v. Kabat, 586 F.2d 325 (4th Cir. 1978), and United States v. Doe, 743 F.2d 1033 (4th Cir. 1984). This reliance is misplaced, however, since neither Kabat nor Doe involved the failure of a magistrate judge to inform a defendant of his constitutional right to trial, judgment, and sentencing by an Article III judge. The mandate of 18 U.S.C. §3401 was not at issue in those cases. Instead, both Kabat and Doe addressed whether a magistrate's failure to comply strictly with Fed. R. Crim. P. 58 should result in a per se rule requiring reversal. Although both courts declined to adopt such a rule, finding that the omissions by the magistrate judges in those cases were not "wholesale," both courts warned that such a rule could result if compliance is not forthcoming.[18] In the instant case, the magistrate judge's omission of Fed. R. Crim. P. 58 was indeed "wholesale." Therefore, even if the court were to disregard the magistrate judge's failure to comply with 18 U.S.C. §3401(b), reversal of the instant case still would not be precluded by Kabat or Doe.

---

[18] The Kabat court stated:

> The procedures required by [Fed. R. Crim. P. 58] need detain the magistrate judge for only a few minutes, but they can make an important difference to the defendant and to the administration of justice. At best, failure to comply with [the rule] can serve only to encourage frivolous appeals; at worst, it can result in an unwitting waiver by an uninformed defendant of important constitutional rights.

586 F.2d at 328. Likewise, the court in Doe noted in that case that "the magistrate judge's actions again fell short of strict compliance, and we again reiterate our readiness to establish a per se rule if it appears that it is necessary to assure compliance with [Fed. R. Crim. P. 58]." 743 F.2d at 1039.

It may very well be true that defendant intended to consent to having the magistrate judge preside over his trial in the instant case. However, it may also be that the confusion surrounding defendant's two arraignments prevented him and his counsel from learning that the magistrate judge had done anything wrong. As discussed earlier, defendant was not represented by counsel at his initial appearance and no one explained to him his constitutional right to an Article III judge (or any of his other rights) at that hearing. Once defendant was represented by counsel at the February 12 hearing, the magistrate judge indicated that defendant had already been arraigned. Since Fed. R. Crim. P. 58(b)(3)(A) requires magistrate judges to accept pleas from defendants only after the defendant consents (and thus also after the magistrate judge has explained to the defendant his rights), it is entirely possible that defendant's counsel concluded that the magistrate judge had already informed defendant of his rights (including his right to trial, judgment, and sentencing by a district judge) and that defendant had consented to the involvement of the magistrate judge. Such a conclusion could have been further supported by this exchange between the government and the magistrate judge during the February 12 hearing:

> THE COURT: This is my case?
> GOVERNMENT: Yes, this is your case –
> [THE COURT:] All right then.
> GOVERNMENT: –Your Honor. It is assigned to you as the judge in the case.
> THE COURT: All right then. Well, we can, we can . . . Do we have an order with the schedule?

In the end, it does not matter whether defendant actually did intend to have his case heard by the magistrate judge or whether he failed to object below, because the magistrate judge failed to comply with Fed. R. Crim. P. 58 and with 18 U.S.C. §3401(b). As the Seventh Circuit has explained, "[w]hat [defendant's] intention might have been cannot be dispositive–for unless we

overrule the cases holding that express assent on the record is essential, one's thoughts do not satisfy §636(c)." Mark I, Inc. v. Gruber, 38 F.3d 369, 371 (7th Cir. 1994). Likewise, whatever defendant's intention in the instant case might have been, that intention cannot cure the fact that the magistrate judge failed to fulfill the literal compliance that the court finds necessary to effectuate Congress's mandate in 18 U.S.C. §3401(b).

In conclusion, the court finds that literal compliance with 18 U.S.C. §3401(b) and Fed. R. Crim. P. 58 is required of magistrate judges in order to effectuate their authority to try criminal misdemeanor cases. The magistrate judge in the instant case failed to comply with that statute and rule and, as a result, he did not have authority to preside over defendant's criminal trial. This neglect by the magistrate judge cannot be cured by the actions or intentions of defendant or his counsel, and it certainly cannot be cured by defendant's signature on an invalid consent form.

## II. Defendant is entitled to a new trial because, absent his consent, the magistrate judge was not authorized to enter final judgment.

Without defendant's consent, the magistrate judge did not have authority enter final judgment, and this court cannot reach or decide the substantive issues raised in this appeal under 18 U.S.C. §3402, 18 U.S.C. §3742(g) or Fed. R. Crim. P. 58(g)(2)(B). See Peretz, 501 U.S. at 931 (observing that "when Congress enlarged the magistrate judge's criminal jurisdiction to encompass all misdemeanors, the exercise of that authority was subject to defendant's consent"); Gomez, 490 U.S. at 870-71 (noting that a "magistrate's criminal trial jurisdiction depends on the defendant's specific written consent"); see also United States v. Colacurcio, 84 F.3d 326, 328 (9th Cir. 1996) ("Section 3401 grants magistrate judges authority over misdemeanor cases only subject to defendant's consent."); United States v. Neville, 985 F.2d 992, 999 (9th Cir. 1993)

("Magistrate judge jurisdiction over [defendants charged with misdemeanors] is conditioned on consent of the parties."); Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 908 (3d Cir. 1992) ("Congress has specified that criminal defendants must give their express, written consent to trial before a magistrate judge."); Lane, 1987 U.S. Dist. LEXIS 8025 at *7 ("The emphasis on the consent requirement in congressional debates evinces a desire for an unequivocal expression of consent by the necessary parties before allowing a magistrate [judge] . . . criminal trial authority.") (citing Glover v. Alabama Board of Corrections, 660 F.2d 120, 124 (5th Cir. 1981)).

The court reaches this conclusion by following the Seventh Circuit's holdings under 18 U.S.C. §636(c). See Rice, 209 F.3d at 1013 (reasoning that if the defendant had not consented, "there would be no final judgment in the action to provide this court with jurisdiction under 28 U.S.C. §1291," and the magistrate judge would not "have been authorized to act as the district court"); Mark I, Inc., 38 F.3d 369; Jaliwala, 945 F.2d 221; Silberstein v. Silberstein, 859 F.2d 40, 42 (7th Cir. 1988) (holding that "because the magistrate had no authority to enter an appealable final judgment we have no appellate jurisdiction and must dismiss this appeal"); Geaney, 776 F.2d at 142 ("A magistrate [judge] may enter a final judgment only after a proper referral by the district court and upon consent by both parties."); Geras, 742 F.2d at 1043 (holding that, "the power to enter final judgment . . . in the case of magistrate[ judge]s under §636(c) can only be exercised with the consent of the parties . . .").

As the Seventh Circuit explained in Mark I, Inc., 38 F.3d 369, where a defendant does not expressly consent to have his case tried before a magistrate judge at the outset, the magistrate judge lacks authority to enter final judgment. In that case, as in the instant case, the defendant

did not question the magistrate judge's authority until the case reached the appeal stage and the issue was raised by the court. Id. at 370-71. When asked during oral argument whether defendant intended all along to have his case heard by the magistrate judge, counsel for defendant responded that in his recollection that was defendant's intent. Id. The court found this claim ineffectual, however, and stated: "What Gruber's 'intention' might have been cannot be dispositive–for unless we overrule the cases holding that express assent on the record is essential, one's thoughts do not satisfy §636(c)." Id. at 371.

The same situation arose in Jaliwala, where the court refused to find the defendants' consent implicit in their actions despite that party's own urging. 945 F.2d at 224. The court noted: "We see no virtue in permitting our jurisdiction to depend on inferences where both the statute and common sense call for precision." Id. (citing Silberstein, 859 F.2d at 42 (internal quotation and citation omitted)).

The reasoning of Rice, Mark I, Inc. and Jaliwala is applicable to the instant case despite the fact that those cases involved civil matters referred to magistrate judges pursuant to 28 U.S.C. §636(b) and (c), rather than criminal misdemeanor cases referred to a magistrate judge pursuant to 18 U.S.C. §3401(b). As explained above, whatever strictness is applied to the consent requirements of §636(c) is, at the very least, equally applicable to the more stringent consent requirement of §3401(b).

Therefore, the court holds that because the magistrate judge did not have the authority to preside over defendant's trial, the magistrate judge's entry of judgment following defendant's trial is not final and this court has no authority to decide the merits of this appeal.

22

### III. The arguments offered by the government in opposition to this decision are without merit.

The government opposes this outcome on two grounds: (1) that the magistrate judge's failure to comply with Fed. R. Crim. P. 58 and 18 U.S.C. §3401 was harmless error pursuant to Fed. R. Crim. P. 52(a); and (2) that defendant's failure to raise any objection concerning his consent constitutes forfeiture of any issue concerning its validity pursuant to Fed. R. Crim. P. 51 and 52(b). The court finds neither of these arguments persuasive.

To begin, Fed. R. Crim. P. 51, 52(a) and 52(b) do not apply to the instant case because those rules govern only direct appeals from final judgments of conviction. Logically, if the magistrate judge in the instant case had no authority to enter a final judgment, defendant's judgment of conviction is void and the court cannot apply harmless or plain error analysis. By the same token, since the court has held that the judgment entered by the magistrate judge was not final, the court cannot regard a non-final judgment as final simply because defendant failed to object below. Put another way, when the magistrate judge failed to obtain defendant's consent under §3401(b) and Fed. R. Crim. P. 58, the district court was no longer empowered by Congress under that statute to give the magistrate judge authority to enter final judgment in the instant case. Without that authority, the actions taken by the magistrate judge are of no consequence; it is as if defendant's trial never took place. As a result, whether the magistrate judge's error was plain or harmless or whether defendant did or did not object below makes absolutely no difference. Nevertheless, since the Seventh Circuit did not address these issues in the precedents upon which the court relies, further discussion is warranted.

## A. The magistrate judge's failure to comply with Fed. R. Crim. P. 58 and 18 U.S.C. §3401 was not harmless error.

Fed. R. Crim. P. 52(a) provides that any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.  This rule does not apply to the instant case because, as explained above, it does not govern non-final judgments of conviction.  Even if the rule did apply, the court concludes that having one's federal criminal case tried by a non-Article III judge who lacks authority is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."  See Neder v. United States, 527 U.S. 1, 8 (1999).  In so holding, the court follows the Supreme Court's decision in Gomez, where the Court stated that among those basic fair-trial rights that can never be treated as harmless is "a defendant's right to have all critical stages of a criminal trial conducted by a person with jurisdiction to preside."  490 U.S. at 876; Olympia Hotels Corp., 908 F.2d at 1370 (declining to apply harmless error analysis where parties objected but magistrate judge still oversaw jury selection);  Lovelace, 820 F.2d at 225 (declining to apply harmless error because, "lack of jurisdiction can[]not be deemed harmless error");  see also Sockwell v. Phelps, 906 F.2d 1096, 1099 (5th Cir. 1990) (declining to apply harmless error analysis where magistrate lacked authority to conduct trial).[19]

---

[19] The government cites United States v. Boswell, 565 F.2d 1338 (5th Cir. 1978), which held it was harmless error for a magistrate to preside over closing arguments, and United States v. Ford, 824 F.2d 1430 (5th Cir. Tex. 1987), which held it was harmless error for a magistrate to preside over jury selection, citing "cf. Sockwell" with no parenthetical explaining how Sockwell supports Boswell or Ford.  It does not support either, and the government's reliance on those cases, which preceded the Fifth Circuit's current stance on the issue and Gomez, is inappropriate.

## B. Defendant's failure to raise an objection concerning his consent did not forfeit the issue of its validity.

The court declines to follow the government's suggestion that defendant forfeited his right to contest his consent by not raising the issue himself before, during or immediately after his trial before the magistrate judge. As the court reasoned above, the magistrate judge's non-final judgment cannot become final simply because defendant failed to object to the entering of that judgment. Nonetheless, the court will address the government's arguments.

The government urges the court to hold that failing to object is equivalent to consenting under 18 U.S.C. §3401. To support this argument, the government cites cases holding that a party forfeits his or her right to challenge a magistrate judge's involvement in jury selection, the return of a jury's verdict, and evidentiary hearings by failing to object to that involvement below. See Peretz, 501 U.S. at 940 (holding that "permitting a magistrate to conduct the voir dire in a felony trial when the defendant raises no objection is entirely faithful to the congressional purpose in enacting and amending the Federal Magistrates Act."); United States v. Wey, 895 F.2d 429, 430 (7th Cir. 1990) (stating that the defendant "not only acceded to the magistrate judge's role in the district court but also waived objection in this court by omitting it from his opening brief"); Clark v. Poulton, 963 F.2d 1361 (10th Cir. 1992) (holding that failure to object to magistrate judge conducting evidentiary hearing constituted forfeiture of issue); United States v. Arnoldt, 947 F.2d 1120, 1123 (4th Cir. 1991) (finding that failure to object to delegation of authority to magistrate to preside over the return of a jury's verdict constituted waiver); Orsini v. Wallace, 913 F.2d 474, 479 (8th Cir. 1990) (concluding that the defendant's "argu[ment] that a remand is in order because her consent [to the magistrate judge presiding over her habeas

hearing] was uncounseled . . . fails because she did not raise that issue initially to this Court");

but see Orsini, 913 F.2d at 483 (Bright, J, dissenting) (arguing that the court should have held

that the defendant's consent was uncounseled because although she did sign a consent form,

"neither the district court, the magistrate judge, nor defense counsel bothered to ascertain

whether she understood that she had a right to proceed before the district court").

These cases are not controlling here, however, since none of them involved instances

where a party failed to object to a magistrate judge's conducting an entire trial and entering a

final order. Instead, these cases arise under 28 U.S.C. §636(b), which allows district courts to

refer specific "duties" to magistrate judges, as well as any "additional duties which are not

inconsistent with the Constitution and the laws of the United Stated." In Peretz, the Supreme

Court held that presiding over jury selection in a felony case with the consent of the defendant is

allowable under the"additional duties" clause of §636(b) because, when it comes to presiding

over jury selection:

> The ultimate decision whether to invoke the magistrate[ judge's] assistance is
> made by the district court, subject to veto by the parties. The decision whether to
> empanel the jury whose selection a magistrate [judge] has supervised also remains
> entirely with the district court. Because the entire process takes place under the
> district court's total control and jurisdiction, there is no danger that use of the
> magistrate [judge] involves a congressional attempt to transfer jurisdiction to non-
> Article III tribunals for the purpose of emasculating constitutional courts.

501 U.S. at 936 (internal quotations and citations omitted).

The Fourth Circuit followed this reasoning in Arnoldt, 947 F.2d at 1123, finding that

presiding over the return of a jury's verdict fits into the "additional duties"clause of §636(b).

Similarly, in Clark, 963 F.2d 1361, the Tenth Circuit ruled that since 28 U.S.C. §636(b)(1)(B)

authorizes district courts to delegate to magistrate judges the task of presiding over evidentiary

hearings, plaintiff's failure to object to that delegation at trial forfeited the issue. As the Court found in Peretz, when a magistrate conducts an evidentiary hearing, the district court retains significant supervisory power, including the ability to reject the magistrate judge's findings, if necessary.[20] Thus, each of the cases cited by the government involves instances where magistrate judges performed duties that were closely supervised by district judges.[21] In contrast, when a magistrate judge presides over an entire civil or criminal trial and enters a final judgment following that trial, the only mechanism of supervision left for the district court to exercise is review on appeal. Hence, where the authority of a magistrate judge to preside over entire trials and enter final judgments thereafter is in issue, and that authority is conditioned upon the express consent of the defendant, failing to object cannot be held to be equivalent to consent.[22]

_____

[20] §636(b)(1)(C) states, in relevant part, "the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with [a judge of the district] court . . . . [who] shall make a de novo determination of those portions of the report or specified proposed findings . . . [and who] may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge. . . . [and who] may also receive further evidence or recommit the matter to the magistrate judge with instructions."

[21] The fact that each of these cases involved magistrates performing "duties" under 28 U.S.C. §636(b) is also relevant. It is clear that presiding over entire criminal and civil trials are not the "duties" referred to in §636(b) since the explicit authority to preside over criminal and civil trials is specifically set forth in 28 U.S.C. §636(a), 18 U.S.C. §3401(b) and §636(c). Therefore, none of the cases cited by the government serve as binding precedent in this matter.

[22] In so finding, the court declines to follow United States v. Byers, 730 F.2d 568, 570 (9th Cir. 1984), where defendant's claim that her consent to trial before the magistrate judge under §3401(b) was not voluntary was dismissed as "not properly before" the court because it was not raised until oral argument in that appeal. (citing Scott v. Pacific Maritime Ass'n, 695 F.2d 1199, 1023 (9th Cir. 1983) (stating simply that "[a]s a general rule issues which have not been raised in the trial court will not be reviewed on appeal")). In addition to noting that the issue of defendant's consent in the instant case was raised prior to oral argument before an appellate court, the court also finds that Byers lacks precedential value in light of the later precedents discussed above.

In addition to the fact that the cases cited by the government are distinguished from the instant case, the court finds three other compelling reasons requiring the conclusion that failure to object is not the equivalent of consent under 28 U.S.C. §636(c) and 18 U.S.C. §3401(b). First, equating a defendant's failure to object with consent in this instance would decimate Congress's intent in requiring defendants' explicit consent under §636(c) and §3401(b). Why require one or both parties to explicitly consent to trial, judgment, and sentencing before a magistrate judge if that right can simply be waived by inaction? The Seventh Circuit answered this question by refusing to infer consent of the parties from their conduct in cases arising under §636(c) and, as this court has noted, the consent requirement of §3401(b) should be treated at least as strictly.[23] Like the court in Jaliwala, this court sees little virtue in permitting its jurisdiction to hear this appeal depend on inferences where the statute, the rule and common sense call for precision. 945 F.2d at 224.

Second, recalling that consent is the "linchpin" of the constitutionality of 18 U.S.C. §3401, the court finds no basis to hold that this linchpin would remain intact if the consent needed to waive one's constitutional right to trial, judgment, and sentencing by an Article III

---

[23] Indeed, it was treated as such by the Third Circuit when they rejected the same argument in Taberer, 954 F.2d at 908, that the government now makes:

> Although failure to raise an objection in the first instance ordinarily waives the right to raise the matter on appeal, Congress has specified that criminal defendants must give their express, written consent to trial before a magistrate judge. Therefore, cases inferring waiver of rights from a criminal defendant's failure to object do not apply here. To hold that a criminal defendant may waive the Act's consent requirement implicitly is to ignore Congress's insistence upon explicit, written consent.

judge were watered down to mean simply the failure to object.[24]  See also Marcyes, 557 F.2d

1361 (refusing to accept inferences suggested by the government that the defendant was properly

informed of her right since, "by accepting inferences, especially when dealing with constitutional

rights, we necessarily dilute the strong language used by Congress").

Third, of the cases cited by the government for the proposition that defendant forfeited

his right to argue lack of consent at this late stage by failing to object, none dealt with situations

where the magistrate judge was alleged to have completely failed to comply with 28 U.S.C.

§636(c), Fed. R. Crim. P. 58, or 18 U.S.C. §3401(b).  It is that failure by the magistrate judge in

the instant case that renders the consent form signed by defendant invalid.  A defendant cannot

be required to object to the non-performance of a right that he has not been informed he has.

While it may be reasonable to hold that a party can forfeit his objection to the involvement of a

magistrate judge when he has been informed that he has a right to have a district judge preside

instead, it is quite unreasonable to hold that an otherwise unknown right can likewise be

forfeited.  It is true that defendant had counsel (at least after his initial appearance) and it is also

true that one would hope his counsel explained to defendant his right to an Article III judge, but

the fact remains that Congress did not intend for such an explanation to substitute for judicial

explanation.  Instead, Congress required the magistrate judge to carefully explain those rights,

---

[24] In his dissent in Geras, 742 F.2d at 1045-53, Judge Posner argues that 28 U.S.C.
§636(c) is unconstitutional, even with consent of the parties, noting that, "there are limits to how
far the line between non-delegable and delegable judicial work can be allowed to shift without
making a mockery of Article III."  See Geras, 742 F.2d at 1047 (Posner, J., dissenting).  Equating
consent and the failure to object in the context of the instant case would cross that line.

and the magistrate judge in the instant case totally neglected that duty. Given this, the court finds that defendant cannot be held responsible for failing to object.

For all these reasons, the court finds it inappropriate to equate defendant's failure to object with the express consent mandated by Congress in 28 U.S.C. §636(c) and 18 U.S.C. §3401(b). The court further finds that, even if it were to hold that defendant forfeited his right to contest his consent by not raising the issue below, the court would nonetheless find the instant case to be one of the "extraordinary circumstances" where an appellate court may exercise discretion to consider claims that would have otherwise been forfeited below. See Singleton v. Wulff, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of the individual cases."); Peretz, 501 U.S. at 954 (Scalia, J., dissenting) (citing cases where the Supreme Court exercised such discretion); Niedert v. Rieger, 200 F.3d 522, 527 (7th Cir. 1999). The constitutional right involved, coupled with the clarity with which Congress sought to ensure that defendants would be informed of their rights and waive them knowingly and voluntarily, makes the magistrate judge's omissions in this case especially troubling.

For the same reasons, the court need not apply plain error analysis to decide the case at bar. To begin, "showing prejudice in a case such as this would inherently be virtually impossible." Sockwell, 906 F.2d at 1099 n3. Moreover, if plain error analysis had been applied in Peretz, the Supreme Court never would have reached the merits of that case. See United States v. Maragh, 189 F.3d 1315, 1316 (11th Cir. 1999). As Justice Scalia wrote in his dissent in Peretz, "By definition, these claims can be advanced only by a litigant who will, if ordinary rules

are applied, be deemed to have forfeited them: A defendant who objects will not be assigned to the magistrate judge at all." 501 U.S. at 954. The court agrees. In this instance, had defendant objected to the magistrate judge's failure to follow Fed. R. Crim. P. 58 and 18 U.S.C. §3401(b), that deficiency would have been cured below. If that deficiency were dismissed on the ground of forfeiture each time it arose, there would be no clear signal sent to magistrate judges that Congress's mandate carries weight. Eventually, if the government's position were sustained, Congress's mandate would be ignored as inconsequential boilerplate.

Instead, the court finds that the magistrate judge's lack of authority in the instant case is akin to a lack of jurisdiction in that the court may address it whether or not it is raised below. As the Eleventh Circuit noted in <u>Maragh</u>, "the Supreme Court has consistently endorsed appellate jurisdiction to consider fundamental judicial administration without regard to the contemporaneous objection rule." 189 F.3d at 1318. Thus, in <u>Glidden Co. v. Zdanok</u>, 370 U.S. 530, 535-36 (1962), the Supreme Court observed:

> When the statute claimed to restrict authority is not merely technical but embodies a strong policy concerning the proper administration of judicial business, this Court has treated the alleged defect as "jurisdictional" and agreed to consider it on direct review even though not raised at the earliest practicable opportunity.

The Supreme Court's sentiments in <u>Glidden</u> make clear that review of the instant case is proper because it involves the quasi-jurisdictional issue of whether the magistrate judge had authority to preside over defendant's trial and enter a final judgement. Indeed, several courts have classified a magistrate judge's lack of authority in terms of a "jurisdictional" defect. <u>See</u> <u>Gomez</u>, 490 U.S. at 870-72 (referring repeatedly to magistrate judges' trial and adjudicatory jurisdiction); <u>Rice</u>, 209 F.3d at 1014 (reasoning that if the defendant "did not consent to trial

before the magistrate judge, then the magistrate judge would not have had jurisdiction to enter a final judgement"); NLRB v. A-Plus Roofing, 39 F.3d 1410, 1416-17 (9th Cir. 1994) (holding that without the required consent under §3401(b), "the magistrate [judge] had no jurisdiction" and, as a result, the court cannot rule based on his recommendations"); Mendes Junior Int'l Co. v. M/V Sokai Maru, 978 F.2d 920, 923-24 (5th Cir. 1992) (explaining that when final judgment in a case is entered by a magistrate judge, rather than a district judge, absence of the appropriate consent "results in a lack of jurisdiction [or at least fundamental error that may be complained of for the first time on appeal]"); Sockwell, 906 F.2d at 1099 (same); Caprera v. Jacobs, 790 F.2d 442, 445 (5th Cir. 1986) (concluding that, "when the objection is to jurisdiction, it cannot be waived"); Alaniz v. California Processors, Inc., 690 F.2d 717, (9th Cir. 1982) (finding that jurisdiction was lacking over the appeal because the magistrate lacked authority without the clear an unambiguous consent of the parties). Whether described in terms of "jurisdiction" or "authority," the meaning is the same: without it, any judgment entered by a magistrate judge that would otherwise be final is not final and is therefore not appealable.

The government argues that, by taking the action the court now takes, the court is exalting "form over substance." The court would not characterize the enforcement of clear congressional intent, which is itself rooted in important constitutional concerns, as exalting form over substance. However, even if the court's conclusion could be so characterized, the court finds it of little consequence. As United States Magistrate Judge Wallace W. Dixon noted when he vacated the verdict reached in a trial he conducted because he failed to obtain a written waiver from the defendant (despite explaining to the defendant his rights, being told by his counsel that

the defendant wished to consent, and being reassured after trial that the defendant never changed his mind regarding his consent):

> When defendants are convicted in our courts daily of technical violations of laws of which they might never have been aware; when plaintiffs' complaints and defenses of defendants are routinely dismissed or motions denied in civil cases because of technical failures regarding pleading, service, and local rule requirements; and, when ignorance of the law or inadvertent failure to comply is rarely, if ever deemed a valid excuse for violating a rule of substance or procedure, continued confidence in our judicial system demands that the system faithfully follow its own explicit commands.

Lane, 1987 U.S. Dist. LEXIS 8025 at *18.

The government further warns the court against giving defendant "a second bite at the apple" since many other defendants are likely to use this opinion to "seek defects in the consent process" in an attempt to have their guilty verdicts vacated.[25] To be sure, that is not what happened here and that is not an invitation the court extends to future defendants. Here, the court raised the issue *sua sponte* and accordingly asked both parties to submit supplemental briefs.[26] If any message is being sent with this decision at all, it is directed to United States magistrate judges to be ever mindful of the need to inform defendants of their rights in accordance with the law. Borrowing the Supreme Court's reasoning in McCarthy, if magistrate judges scrupulously comply with 18 U.S.C. §3401(b) and Fed. R. Crim. P. 58, subsequent claims by defendants that magistrate judges neglected their duties will be summarily dismissed. See McCarthy, 394 U.S.

---

[25] The court hopes and trusts that the government is not suggesting that magistrate judges and counsel routinely ignore the mandates of 18 U.S.C. §3401(b) and Fed. R. Crim. P. 58.

[26] In so doing, the court is fulfilling the role that Congress intended district courts to fill when it passed the Act. See Gomez, 490 U.S. at 866 (citing H.R. Rep. No. 1629 at 21) ("Congress contemplated that district courts would retain 'the greatest possible scrutiny and control of magistrate[ judges'] trial jurisdiction.'").

at 471-72.  Likewise, the court's holding that defendant is entitled to a new trial because the magistrate judge did not comply with 18 U.S.C. §3401(b) and Fed. R. Crim. P. 58 "not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process frivolous attacks" on defendants' consent "that are encouraged, and more difficult to dispose of, when the original record is inadequate." Id.

## CONCLUSION

In summary, without the consent of defendant under 18 U.S.C. §3401, the magistrate judge had no authority to enter final judgment of conviction following defendant's criminal misdemeanor trial and, as a result, that judgment carries no weight whatever.  Accordingly, the court hereby vacates the non-final judgment entered by the magistrate judge and orders a new trial of defendant consistent with the holding of this opinion.

**ENTER:**     October 23, 2000

Robert W. Gettleman
**Robert W. Gettleman**
**United States District Judge**