Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 47 | **DATE** | 11/1/2001 |
| **CASE TITLE** | USA vs. Michael J. Gochis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The jury verdict of guilty and the judgment of conviction is affirmed, but the sentence imposed by the magistrate judge is reversed and remanded for resentencing consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | Rosemond | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 0 2 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | /85 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 11/1/2001 date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | JD mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff-Appellee, )<br>)<br>v. )<br>)<br>MICHAEL J. GOCHIS, )<br>)<br>Defendant-Appellant. ) | No. 98 CR 47<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Defendant Michael Gochis, a former union steward at Air Express International ("AEI"), was charged, tried by a jury before a magistrate judge, and convicted of three misdemeanor counts of threatening and using violence against a fellow union member for the purpose of interfering with and preventing the exercise of the victim's rights under the labor laws, in violation of 29 U.S.C. §530. Defendant and the government appealed. This court vacated defendant's conviction, holding that the magistrate judge had no authority to enter a final judgment of conviction because defendant had not been properly advised of his rights when consenting to trial before the magistrate judge rather than an Article III district judge. See, United States v. Gochis, 196 F.R.D. 519 (N.D. Ill. 2000). The court of appeals reversed that holding because it found the magistrate judge's error to be harmless, and remanded the case for this court to address the other issues raised in defendant's appeal and in the government's cross-appeal. See, United States v. Gochis, 256 F.3d 739 (7th Cir. 2001). For the reasons discussed below, the court affirms the judgment of conviction, but remands the case to the magistrate judge for resentencing.

## FACTS

Defendant and his fellow employees worked at AEI's warehouse in Bensonville, Illinois, and were members of the International Brotherhood of Teamsters, Local 405. During April and May 1995, the Union was in negotiations with AEI for a new contract, and union members were debating whether to accept the contract terms offered by the employer. Defendant was in favor of accepting the terms and avoiding a strike, while other members, including David Bothum ("Bothum"), were in favor of rejecting the offer even if it meant a strike.

Emotions were running high among the employees, leading to the incidents in question. The first two incidents, which involved verbal threats by defendant to Bothum, took place at meetings of union members at the warehouse. Although, to be sure, there is conflicting evidence as to the precise words spoken by defendant at that meeting, it is quite clear that defendant felt very strongly that the membership should vote in favor of the contract, Bothum felt to the contrary, and both men expressed their feelings in no uncertain terms. According to the government witnesses, Gochis threatened Bothum, telling him "I'll kick your ass," or words to that effect. In the third incident, according to certain government witnesses, defendant encountered Bothum on the warehouse floor outside the context of a meeting of the members, threatened him again and pushed Bothum down to the floor, causing Bothum to sustain a rib fracture and lumbar strain. Bothum had recently returned to work after recuperating from a serious back injury.

## DISCUSSION

Defendant raises a number of arguments on appeal: (a) the evidence was insufficient to support conviction; (b) the government improperly used impeachment testimony as substantive

2

evidence in its closing argument, depriving defendant of his right to confrontation; (c) the magistrate judge erred in failing to give a particular theory of defense instruction; (d) the magistrate judge erred in refusing to allow introduction of evidence of a domestic dispute involving Bothum; (e) the magistrate judge should not have redacted portions of a letter written by Bothum; and (f) the magistrate judge erred in concluding that he did not have the authority to depart further from the sentencing guideline offense level than he did. The government argues in its cross-appeal that the magistrate judge departed too far, and seeks remand to allow the magistrate judge to articulate his reasons any departure.

Many of defendant's arguments are easy to dispose of because defendant failed to preserve these issues by adequately making objections at trial. These include issues (b), (c), and (e) above. Thus, with respect to the government's impeachment of several witnesses with prior inconsistent statements, the record reveals that defendant failed to object to the impeachment testimony at issue or the prosecutor's reference to it at closing argument.[1] Nor did defendant tender any authority to the magistrate judge to support his theory of defense instruction,[2] or object to the magistrate judge's redaction of Bothum's letter. These issues are therefore not

---

[1] Moreover, as the government points out, at closing argument the prosecutor did not ask the jury to consider purely impeachment testimony for the truth of the inconsistent statements, unless those prior statements were made under oath. This was a fair use of such testimony under Federal Rule of Evidence 613, and the jury was properly instructed to consider prior inconsistent statements not made under oath only to determine credibility.

[2] Defendant merely relied on the Illinois Pattern Instructions section on assault, which is not controlling for a § 530 violation. Also, as the government points out, the instruction actually given by the magistrate judge accurately (and generously) described defendant's theory of defense of justifiable reaction to Bothum's alleged provocations.

3

properly reviewable by this court on appeal. United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998).

**Evidence of Bothum's Prior Domestic Dispute**

Defendant asserts that the magistrate judge erred in refusing to allow the introduction of evidence of a domestic dispute in which Bothum allegedly slapped his wife approximately eight months prior to the events in question in the instant case but after Bothum's back surgery.[3] According to defendant, this evidence should have been considered Brady[4] material because it would have drawn into question Bothum's testimony that he would not have confronted or provoked defendant because he lacked physical ability to move about or defend himself in return.

Defendant's logical and legal reasoning are lacking with respect to this issue. First, as the government points out, because defendant was not convicted of this charge and because Bothum's testimony regarding it would not be probative of Botthum's truthfulness, it could not be used as a basis for impeachment under Federal Rule of Evidence 608(b). Varhol v. National R. Passenger Corp., 909 F.2d 1557, 1567 (7th Cir. 1990). Second, the obvious prejudice toward Bothum that would likely be caused by such testimony clearly outweighs whatever probative

---

[3] While a domestic battery charge was apparently filed against Bothum pursuant to 720 ILCS 5/12-3.2(a)(2), that misdemeanor charge was later dropped. Thus, the incident may qualify as a prior bad act under Federal Rule of Evidence 608(b).

[4] Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

4

value the it has, making it prime for exclusion under Federal Rule of Evidence 403.[5] Finally, testimony about Bothum's alleged domestic abuse obviously was brought to the attention of defendant prior to trial, and thus Brady does not appear to be applicable at all.

For all of these reasons, the court finds that the magistrate judge did not abuse his discretion in excluding the above evidence. United States v. Berry, 60 F.3d 288, 293 (7th Cir. 1995).

**Defendant's Conviction**

Defendant's argument that the evidence was insufficient to support conviction on any of the counts is likewise without merit. Although defense counsel skillfully has pointed out to this court, as he did at trial, inconsistencies in the testimony of various witnesses and other matters affecting witness credibility, those were (and shall remain) matters left to the jury. United States v. Reid, 875 F.2d 107, 111 (7th Cir. 1989). There was more than ample testimony to support the finding of guilt on each of the counts. Indeed, Bothum's testimony alone, if believed, was sufficient to support the verdict. Added to the various inconsistencies in defendant's own statements, this court concludes, as did the magistrate judge in ruling on defendant's motion for a new trial, that the evidence of guilt was more than sufficient to support conviction.[6]

---

[5] There is an obvious distinction between a 165-pound man slapping his wife (assuming for the sake of argument that the alleged event occurred) and purposely provoking defendant, who could bench 300 pounds, into a fight; the fact that Bothum was accused of doing the former lends little support to defendant's theory that he would therefore attempt the latter.

[6] The court also agrees with the government's position that defendant's failure to renew his motion for judgment of acquittal at the close of all the evidence or file a post-trial motion under Red. R. Crim. P. 29(c) waived any argument on appeal with respect to the sufficiency of the evidence, absent a showing of "a manifest miscarriage of justice." United States v. Hickock, 77 F. 3d 922, 1002 (7th Cir. 1996). No such showing has been made.

5

For the foregoing reasons, the court affirms the jury verdict of guilty and the judgment of conviction entered thereon.

**Defendant's Sentence**

The sentence imposed by the magistrate judge poses a more difficult problem. The Pre-sentence Report ("PSR") prepared by the probation office calculated defendant's offense level under the United States Sentencing Guidelines at a total of 27,[7] and his criminal history level at I, resulting in a guideline range of 70 to 87 months of incarceration and a fine range of $1,250 to $125,000. Under U.S.S.G. §5G1.2(d), when the statutory maximum is less than the guideline sentencing range,[8] and the defendant is convicted of multiple counts, the court is required to impose a consecutive sentence for each count to the extent necessary to produce a combined sentence equal to the total amount of incarceration otherwise required by the Guidelines. Thus, the government argues, as it did below, that the magistrate judge in the instant case was required to impose a one year sentence on each of the three counts of conviction (the maximum allowed under the statute), to run consecutively for a total of three years.

Instead, of sentencing defendant to three years of incarceration, however, the magistrate judge granted defendant's request to depart from the guideline offense level of 27 as calculated by the probation officer. Initially the magistrate judge departed 14 levels to a level 13, which would ordinarily require a period of imprisonment of between 12 and 18 months. The magistrate

---

[7] The PSR correctly applied U.S.S.G. §2B3.2 to calculate the offense level for a violation of 29 U.S.C. §530.

[8] The statute in question, 29 U.S.C. §530, states that, "Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

6

judge then imposed concurrent one year sentences on each count, six months of which were to be served in a prison facility and six months of which were to be served as work release at the Salvation Army. The magistrate judge further declined to impose a fine even though a fine was recommended in the PSR and there had been no finding that defendant was unable to pay a fine. The magistrate judge did order defendant to pay restitution in the amount of $3,880 to Bothum, along with a $25 special assessment on each count, however.

After the initial sentencing hearing, the government moved to correct the sentence under Fed. R. Crim. P. 35(c), pointing out that under U.S.S.G. §5C1.1, the court was not empowered to impose a "split" sentence for an offense level of 13 and a criminal history level of I, because such a sentencing guideline level was in "Zone D" that required straight incarceration. Apparently realizing his mistake, and wishing to impose a split sentence in this case, the magistrate judge informed the parties that his intention all along was to depart down to an offense level of 12, which would bring the sentencing guideline level to "Zone C," which would allow a split sentence.

Defendant asserts that the instant case should be remanded for resentencing because "the magistrate judge believed that his discretion to depart from the sentencing guidelines in defendant's sentence was limited, and this was error as a matter of law." Defendant is mistaken.

In explaining his reasons for departing downward, the magistrate judge noted the discrepancy between the statutory maximum of one-year of incarceration under 29 U.S.C. §530 and the contemplated guideline ranges for each of the three counts. He stated that, "Each of the applicable Guidelines range exceeds what is permitted under the applicable misdemeanor

7

statute," and concluded that,

> ... because of this unfair disparity ... together with the defendant's wife's precarious health situation and her resultant inability to work full-time, plus the fact that the defendant's commission of the offense[s] [was] not in line with the way he conducted himself ... with regards to his personal life and his family life, all these factors dictated a downward departure.

The magistrate judge then elaborated on why he felt the Sentencing Guidelines were unfair,[9] declaring: "Had I had the discretion I believe I should have had, this offense of Mr. Gochis would have warranted three months [incarceration] and six months confinement. No more is warranted because room had to be left for the more egregious conduct." Finally, the

---

[9] The magistrate judge explained that,

> The sad truth is that the Sentencing Guidelines have rewritten the misdemeanor statute at issue and eliminated all shades of gray with respect to conduct therefor. For example, if [a] defendant were to break [a] victim's legs and gouge[] out an eye, such a defendant would receive what defendant Gochis received, one year maximum confinement, even though that hypothetical defendant's conduct would be infinitely more egregious. Moreover, if the hypothetical defendant had only one count against him — but defendant Gochis has three — the hypothetical defendant's punishment would result in a sentence lighter than that of Mr. Gochis. The Sentencing Guidelines ... wrongly do not account for gradations of severity of conduct. Again they rewrite the misdemeanor statute to completely eliminate the sentencing judge's discretion.

Later, the magistrate notes again that the maximum punishment under 29 U.S.C. §530 is one year of imprisonment, and opines that,

> Only the more egregious conduct should receive the maximum. And because it is a misdemeanor, the maximum is one year. One year is the boundary dictated by Congress. So no matter what a defendant does, Congress said his punishment should be no more than one year. The Sentencing Guidelines in effect trump what punishment Congress has said for this type of misdemeanor offense. In our opinion that is something innately wrong with being forced to apply Sentencing Guidelines which were designed primarily for felonies for punishment under a one-year misdemeanor statute.

8

magistrate judge concluded:

> In this regard I felt — having been robbed of my discretion, I feel exactly as did Chief Judge Joe Billy McDade in [United States v. Zendeli, 180 F.3d 879 (7th Cir. Ill. 1999)]. Had I discretion, I would have given the defendant between three to six months. I regret not having been able to find additional grounds for an even greater departure than I made.

Based on all of the above, it is clear that, rather than being under the impression that he lacked authority to depart further downward, as defendant asserts, the magistrate judge was merely voicing his frustration at not being able to find grounds that would support a further departure than that which he had already made. Thus, the court denies defendant's asserted basis for a resentencing remand.

This is not the end of the court's inquiry, however. As explained above, the government has consistently argued that the magistrate judge was required to impose the sentences on each of the three counts to run consecutively, rather than concurrently as he did. The government is correct, and the court must remand for resentencing on this basis.[10] See U.S.S.G. §5G1.2(d). The court further urges the magistrate judge at resentencing to more clearly explain his consideration of the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," to decide whether this case presented sufficient facts to take the case out of the "heartland," bearing in mind the sentencing commission's "expectation that

---

[10] It may be that the magistrate judge, whose jurisdiction over criminal cases is limited to trying misdemeanors (which have traditionally been defined as crimes punishable by no more than one year of incarceration), was reluctant to impose a total sentence longer than one year. See 18 U.S.C. §3401 (giving magistrate judges authority to try criminal misdemeanor cases with the consent of the parties); but see United States v. Manjarrez--Arce, 382 F. Supp. 1046, 1048 (S.D. Cal. 1974), aff'd, 504 F.2d 426 (9th Cir.), cert. denied, 419 U.S. 1112 (1975) (finding that magistrate judges "have the power to impose consecutive sentences, in appropriate cases, beyond their apparent jurisdictional limits as enacted in 18 U.S.C. §3401").

9

departures based on grounds not mentioned in the Guidelines will be highly infrequent." See United States v. Braimondi, 159 F.3d 1095, 1101, n.16 (7th Cir. 1998).

## CONCLUSION

For the reasons stated above, the jury verdict of guilty and the judgment of conviction is affirmed, but the sentence imposed by the magistrate judge is reversed and remanded for resentencing consistent with this opinion.

ENTER:     November 1, 2001

_____
Robert W. Gettleman
United States District Judge