Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 CR 47 | **DATE** | 5/23/2002 |
| **CASE TITLE** | United States vs. Michael J. Gochis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for stay of sentence having been denied on 5/22/02 for the reasons stated in the attached Memorandum Opinion and Order entered on 5/23/02. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 24 2002 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 206 |
| ✓ | Copy to judge/magistrate judge. Gettleman | | |
| KF courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff-Appellee, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. GOCHIS, ) <br> ) <br> Defendant-Appellant. ) | No. 98 CR 47 <br><br> Magistrate Michael T. Mason |

## MEMORANDUM OPINION AND ORDER



Michael T. Mason, United States Magistrate Judge:

Defendant Michael Gochis filed a Motion For Stay Of Sentence pending his appeal pursuant to Fed. R. Crim. P. 58.

On April 17, 2002, after a re-sentencing hearing that lasted over two hours, this Court imposed three consecutive one-year sentences on defendant Michael J. Gochis ("Gochis") for his conviction on three counts for violating 29 U.S.C. § 530. The re-sentencing included defendant Gochis' claims concerning application of the United States Sentencing Guidelines and his requests for downward departures. This Court stated that it had the discretion to depart from the Guidelines, but after hearing all the arguments and listening to the one witness defendant offered, declined to grant any departures.

After sentencing, the Court rejected the government's oral motion that Gochis' bond be revoked under 18 U.S.C. § 3143(b)(2), and ordered that Gochis self-surrender to the designated institution on May 29, 2002.

The Amended Judgment entered by the Court with respect to Gochis was docketed on April 19, 2002. On April 26, 2002, Gochis filed his notice of appeal of the judgment of sentence with the District Court. Gochis now seeks a stay from this Court of his surrender date pursuant to Fed. R. Crim. P. 58(g)(3).

From their briefs it appears that both parties agree that this Court retains limited jurisdiction to decide Gochis' motion for stay of sentence under Fed. R. Crim. P. 58(g)(3).

In making his argument for the stay of his sentence Gochis relies on 18 U.S.C. § 3143(b). However, under 18 U.S.C. § 3143(b)(2), which incorporates § 3142(f)(1)(A), Gochis should be detained because he has been found guilty of crimes of violence and sentenced to a term of imprisonment. Relief from this detention may only be granted if, in addition to meeting the conditions for release in 18 U.S.C. § 3143(b)(1), a defendant "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c), United States v. Herrera-Soto, 961 F.2d 645 (7th Cir. 1992). Gochis has not shown "exceptional reasons" warranting his continued release.

He has "the burden of showing the merit of the appeal". United States v. Bilanzich, 771 F.2d 292, 298 (7th Cir. 1985). Section 3143(b)(1)(B) says that his appeal must raise "a substantial question of law or fact" that is "'a close question or one that very well could be decided the other way'". United States v. Shoffner, 791 F.2d 586, 588-89 (7th Cir. 1986) (citing and quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). Gochis has not persuaded this Court that the appellate court will vacate his sentence and that any new sentence would not include a term of

2

imprisonment or a reduced term of imprisonment that would not exceed the expected duration of the appeal process. Id.; 18 U.S.C. § 3143(b)(1)(B)(iii) and (iv).

Gochis next argues that his sentence was illegal because the Sentencing Guidelines provisions he was sentenced under conflicted with statutory sections which control. He cited United States v. Holloway, 991 F.2d 370, 374 (7th Cir. 1993), and said that guideline section U.S.S.G. § 2B3.2 did not permit the Court to exercise its inherent discretion and consider the sentencing factors set out in 18 U.S.C. §§ 3553 and 3584 in fashioning a sentence for defendant.

As the government correctly stated in its brief, there is nothing in the Guidelines applicable to this case that conflicts with the statutes as cited by Gochis. The Court reviewed the transcripts from the trial, reviewed the revised Presentence Report, held a lengthy hearing, and carefully considered the nature and circumstances of the offenses, and the background and characteristics of Gochis. See 18 U.S.C. § 3553(a) and (b). The Court exercised its discretion and decided what defendant's sentence should be under the appropriate guidelines.

Finally, the Court considered each of the requests for downward departure as listed by Gochis, and carefully evaluated each of them. It stated that it had the discretion to depart from the guidelines but determined that none of the circumstances suggested were outside the "heartland" and thus denied the defendant's request for any downward departure. In doing so the Court also followed the opinion issued by Judge Gettleman in United States v. Gochis, 169 F. Supp. 2d 918 (N.D. Ill. 2001).

## CONCLUSION

For the reasons stated above, the defendant's Motion for Staying Sentence while his appeal is pending is DENIED.

It is so ordered.

ENTER:

*Michael T. Mason*
**MICHAEL T. MASON**
**United States Magistrate Judge**

Dated: May 23, 2002